UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                      Hon. Robert Holmes Bell

v.                                              Case No. 1:05-CR-68

DEBORAH DENISE TUCKER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the <u>Ex Parte Petition and Order of Investigative Fees</u> submitted by Defendant's counsel. (Dkt. #42). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted**.

Counsel seeks payment for certain investigative fees incurred in this matter. Specifically, counsel asserts that it was necessary to employ the services of a private investigator because "numerous witnesses needed to be interviewed and subpoenaed for trial, and records needed to be obtained in Kalamazoo, Michigan." Counsel requests that the Court approve payment in the amount of $719.36 for such investigative services. Counsel did not seek the Court's approval prior to incurring these investigative costs.

While federal law permits counsel to obtain necessary "investigative, expert, and other services," unless the Court finds "that timely procurement of necessary services could not await prior authorization," the "total cost of services obtained without prior authorization may not exceed $500." 18 U.S.C. § 3006A(e). There is neither evidence nor argument that counsel was unable to obtain prior

authorization for such investigative services. Pursuant to the plain language of the statute, therefore, counsel is entitled to receive no more than $500 to pay for such investigative services.

The Court notes, however, that there exists no evidence that counsel consciously disregarded the prior authorization requirement. Likewise, there exists no evidence that the investigative services counsel procured in this matter were unnecessary or unreasonable. The Court recommends, therefore, that counsel's motion be granted in full. Counsel is hereby placed on notice, however, that failure to comply with the prior authorization requirement (where applicable) may result in the denial of subsequent motions for fees or costs.

**CONCLUSION**

For the reasons articulated herein, the Court recommends that defense counsel's Ex Parte Petition and Order of Investigative Fees, (dkt. #42), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  October 17, 2005                  /s/ Ellen S. Carmody
                                         ELLEN S. CARMODY
                                         United States Magistrate Judge